IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT ZIEGLER,<br>    Plaintiff, | § § § | |
| v. | § § § | |
| SUBALIPACK (M) SDN BHD, A.C.T.<br>LOGISTICS, LLC, MEDITERRANEAN<br>SHIPPING COMPANY (USA), INC., ST.<br>GEORGE LOGISTICS, COURTNEY<br>INTERNATIONAL FORWARDING,<br>INC., MASTERPIECE<br>INTERNATIONAL LIMITED,<br>GRAEBEL MOVERS INT'L, INC. and<br>JOHN DOES 1-3<br>    Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. 4:16-cv-2598 |

**MASTERPIECE INTERNATIONAL LIMITED'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6), ORIGINAL ANSWER, AND <u>DESIGNATION OF RESPONSIBLE THIRD PARTY</u>**

**TO THE HONORALE JUDGE OF SAID COURT:**

Comes Now: Masterpiece International Forwarding, Inc., ("Masterpiece") with this Motion to Dismiss, Original Answer, and Designation of Responsible Third Party, in response to the allegations contained in the Plaintiff's Original Petition filed by Robert Ziegler, ("Plaintiff"), and would respectfully show this honorable Court as follows:

**I.**

**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**A. The Claim of Negligence is Improper**

1.   Plaintiff has alleged a claim of negligence against Masterpiece for improper performance of Customs brokerage services. Specifically, the allegation is that negligent

performance of these services caused Plaintiff to hire a Customs attorney and pay additional storage fees.  These are purely economic losses and not proper for a claim of negligence.

2. Negligence is a cause of action for personal injury or property damage. *Express One Int'l. Inc., v. Steinbeck*, 53 S.W.3d 895, 898-99 (Tex. App.--Dallas 2001, no pet.).  Plaintiff has not alleged that Masterpiece is liable for personal injury or property damage, only that Masterpiece caused Plaintiff to incur storage fees as a result of a delay and retain an attorney.  Plaintiff's allegations are based in the negligent performance of contractual duties, see, Plaintiff's Petition at ¶ 43.  Such claims are barred by the Economic Loss Rule, *Louisiana, ex rel., Guest v. M/V Testbank,* 752 F.2 1019 (5th Cir. 1985), cert denied, sub nom., *White v. M/V Testbank,* 447 U.S. 903 (1986).

3. Plaintiff has not alleged that Masterpiece is responsible for damage to the property and instead has asserted a negligence claim for a purely economic loss.  This is not allowed, *Chapman v. Custom Homes, Inc. v. Dallas Plumbing Co.* 445 S.W. 3d 716, 718 (Tex. 2014).

### B. Attorney's Fees Are Prohibited

4. Plaintiff has sought to recover attorney's fees against Masterpiece.  However, Texas law does not provide for the recovery of attorney's fees against Masterpiece in this lawsuit.  Attorney's fees are only recoverable against a corporation or an individual.  Attorney's fees are not recoverable against a limited business entity such as the Defendant, *Ganz v. Lyons P'ship, L.P.*, 173 F.R.D. 173, 176 (N.D. Tex. 1997); *Hoffman v. L&M Arts*, No. 3:10-CV-0953-D, 2015 U.S. Dist. LEXIS 27784 (N.D. Tex. Mar. 6, 2015); *Fleming & Assocs., L.L.P. v. Barton*, 425 S.W.3d 560, 576 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

5.     Masterpiece is registered as a limited entity; therefore, Plaintiff's claim of attorney's fees cannot stand, "(b)ecause section 38.001 does not authorize the recovery of attorney's fees in a breach of contract action against an LLC..." *Alta Mesa Holdings, L.P. v. Ives*, 2016 Tex. App. LEXIS 3872 (Tex. App. Houston 14th Dist. Apr. 14, 2016, no pet. h.). The 14th Court of Appeals in Houston has repeatedly, "held that section 38.001 of the Civil Practices and Remedies Code does not authorize an award of attorneys' fees against a limited liability partnership." *Fleming v. Kirklin Law Firm, P.C.,* 2015 Tex. App. LEXIS 11767 (Tex. App. Houston 14th Dist. Nov. 17, 015, pet. denied).

6.     Plaintiff can produce no contract, and there is no contract, that would circumvent the prohibition of attorney's fees against a limited business entity.  Therefore, Plaintiff's allegation that attorney's fees against Masterpiece is improper and should not be allowed.

### C.     There is no Claim Against an Agent of a Disclosed Principal.

7.     Plaintiff has alleged in Paragraph 22 of the Original Petition that Masterpiece is merely the agent of Subalipack (M) SDN BHD,("Subalipack").  As an agent of a disclosed principal, all claims are barred.  It is well established that an agent acting for a disclosed principal is not liable for claims arising out of contracts executed by the agent on behalf of its principal. *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.,* 334 F.3d 423, 428 (5th Cir. Tex. 2003).

8.     Plaintiff's allegations in Paragraph 22 of the Original Petition are that the shipment contract was made only with Subalipack and that the services performed by the Defendants were arranged for by Subalipack.  The Original Petition clearly states that any of the services for which the Plaintiff complains were performed on behalf of the Plaintiff by agents of the disclosed principal, Subalipak, *id.*   Therefore, these claims are not allowed. *Port Ship Serv.,*

*Inc. v. Norton, Lilly & Co., Inc*., 883 F.2d 23, 24 (5th Cir. 1989); *Port Ship Serv., Inc. v. Int'l Ship Mgmt. & Agencies Service, Inc*., 800 F.2d 1418, 1420-1421 (5th Cir. 1986); *Atl. & Gulf Stevedores, Inc. v. Revelle Shipping Agency, Inc.,* 750 F.2d 457, 458 (5th Cir. 1985); *Lake City Stevedores, Inc. v. East West Shipping Agencies, Inc.,* 474 F.2d 1060, 1063 (5th Cir. 1973); *Bernsen v. Live Oak Ins. Agency, Inc*., 52 S.W.3d 306, 309 (Tex. App. 2001); *Eppler, Guerin & Turner, Inc. v. Kasmir*, 685 S.W.2d 737, 738 (Tex. App. 1985); 3 Tex. Jur. 3d § 185 (2002). This is merely a sampling of the case law which shows that a claim against an agent of a disclosed principal are not allowed.

### D.  Declaratory Judgment is Duplicative of the Contract Claim

9.  The declaratory judgment claim presents no issue that is not already litigated in the breach of contract case.  Plaintiff asserts a breach of contract cause of action in Paragraph 34 of the Petition.  The declaratory judgment action asserted in Paragraph 38 is duplicative of those same issues that are made the basis of the breach of contract claim.

10.  Plaintiff asserts a declaratory judgment to determine the obligation to pay the costs, fees and expenses incurred when the goods reached the United States.  Since this is an issue already litigated in the breach of contract case "[t]he declaratory judgment action should likewise be dismissed to the extent it parallels [the] breach of contract claim." *Gustafson, Inc. v. Bunch*, 1999 U.S. Dist. LEXIS 15213 (N.D. Tex. Sept. 24, 1999).

11.  A decision on the merits of the breach of contract claim will render the declaratory judgment moot.  Therefore, the declaratory judgment must be dismissed, 6 Charles Alan Wright, et al., Federal Practice & Procedure § 1406, at 33 (2d ed. 1990).

## II.

## FIRST ANSWER

1. Defendant denies the allegations that discovery should proceed according to the Texas Rules of Civil Procedure and denies the remaining allegations contained in Paragraph 1.

2. Defendant denies the allegations of Paragraph 2 of the Original Petition.

3. Defendant admits the allegations of Paragraph 3 of the Original Petition.

4. Defendant admits that Subalipack (M) SDN BHD is a foreign corporation and denies the remaining allegations contained in Paragraph 4.

5. Defendant admits that A.C.T. Logistics, LLC is a foreign corporation organized under the laws of the State of New York and denies the remaining allegations of Paragraph 5 of the Original Petition.

6. Defendant admits the allegations of Paragraph 6 of the Original Petition.

7. Defendant denies the allegations of Paragraph 7 of the Original Petition.

8. Defendant admits the Courtney International Forwarding, Inc. is a foreign corporation organized under the laws of New York and denies the remainder of the allegations of Paragraph 8 of the Original Petition.

9. Defendant admits the allegations of Paragraph 9.

10. Defendant admits the allegations contained in Paragraph 10 of the Original Petition.

11. Defendant does not have sufficient information to admit or deny, and therefore denies, the allegations contained in Paragraph 11 of the Original Petition.

12. Defendant does not have sufficient information to admit or deny, and therefore denies the allegations contained in Paragraph 12 of the Original Petition.

13. Defendant does not have sufficient information to admit or deny, and therefore denies, the allegations contained in Paragraph 13 of the Original Petition.

14. Defendant denies the allegations of Paragraph 14 of the Original Petition.

15. Defendant denies the allegations of Paragraph 15 of the Original Petition.

16. Defendant admits it is qualified to conduct business in Harris County, Texas and denies the remaining allegations of Paragraph 16 of the Original Petition.

17. Defendant admits the allegations of Paragraph 17 of the Original Petition.

18. Defendant does not have sufficient to admit or deny the allegations contained in Paragraph 18 of the Original Petition.

19. Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 19 of the Original Petition.

20. Defendant admits only that Plaintiff engaged the services of several business entities for the purpose of transporting household goods into the United States and does not have sufficient information to admit or deny the remaining allegations contained Paragraph 20 of the Original Petition.

21. Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 21 of the Original Petition.

22. Defendant admits the allegations contained in Paragraph 22 of the Original Petition.

23. Defendant does not have sufficient information to admit or deny the allegations contained Paragraph 23 of the Original Petition.

24. Defendant admits only that a shipping container was transported by rail from Long Beach, California to Houston, Texas. Defendant does not have sufficient information to admit or deny the remaining allegations contained in Paragraph 24 of the Original Petition.

25. Defendant admits only to significant issues to the documentation provided by Plaintiff and other that was necessary for the goods to clear Customs and denies the remaining allegations contained in Paragraph 25 of the Original Petition.

26. Defendant denies the allegations contained in Paragraph 26 of the Original Petition.

27. Defendant does not have sufficient information to admit or deny the allegations of Paragraph 27 of the Original Petition.

28. Defendant does not have sufficient information to admit or deny the allegations of Paragraph 28 of the Original Petition.

29. Defendant does not have sufficient information to admit or deny the allegations of Paragraph 29 of Plaintiff's Original Petition.

30. Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 30 of the Original Petition.

31. Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 31 of the Original Petition.

32. Defendant denies the allegations contained in Paragraph 32 of the Original Petition.

33. Defendant does not have sufficient information to admit or deny the allegations of Paragraph 33 of the Original Petition.

34. Defendant does not have sufficient information to admit or deny the allegations of Paragraph 34 of the Original Petition.

35. Defendant denies the allegations of Paragraph 35 of Plaintiff's Original Petition.

36. Defendant denies the allegations of Paragraph 36 of Plaintiff's Original Petition.

37. Defendant denies the allegations of Paragraph 37 of Plaintiff's Original Petition.

38. Defendant denies the allegations of Paragraph 38 of Plaintiff's Original Petition.

39. Defendant denies the allegations of Paragraph 39 of Plaintiff's Original Petition.

40. Defendant denies the allegations of Paragraph 40 of Plaintiff's Original Petition.

41. Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 41 of Plaintiff's Original Petition.

42. Defendant denies the allegations of Paragraph 42 of the Plaintiff's Original Petition.

43. Defendant denies the allegation of Paragraph 43 of the Plaintiff's Original Petition.

44. Defendant denies the allegations of Paragraph 44 of the Plaintiff's Original Petition.

45. Defendant admits only that a timely jury demand was made.

46. Defendant denies that discovery pursuant to the Texas Rules of Civil Procedure is proper.

47. Defendant denies the allegations of Paragraph 47 of the Plaintiff's Original Petition.

### III.

### DEFENSES

1. The shipment described in the Original Petition is subject to all the terms, conditions, and exceptions contained in any applicable service contract(s), tariff(s), and bill(s) of

lading then and there issued therefor by which the shipper(s) and consignee(s) of said bill of lading agreed to be and are bound. The delay, shortage, loss and/or damage to the shipment, if any, is controlled by the Carriage of Goods by Sea Act, 49 Stat. 1207, approved April 16, 1936, and/or the Harter Act, and/or the provisions of the bills of lading, terms and conditions, tariffs, service contracts, agreements and/or applicable foreign law.

2. If any of the goods were lost or damaged prior to delivery to the ultimate consignee, the damage was caused by or due to insufficiency of packaging or inadequacy of marks for which Defendant is not liable pursuant to § 4(2)(n) and (o) of the Carriage of Goods by Sea Act and by the applicable terms and conditions.

3. Damage to the goods, if any, was caused by, due to, or contributed to by inherent defect, quality or vice of the goods for which Defendant is not liable pursuant to the Carriage of Goods by Sea Act § 4(2)(m) and by the terms of the contract of carriage.

4. Plaintiff has failed to mitigate or avoid the consequences of its damages, and any recovery should be barred or reduced accordingly.

5. Damage, if any, was caused by, due to or contributed to by an act or omission of the shipper or owner of the goods, or other parties over which this Defendant has no control for which Defendant is not liable.

6. The maximum liability of Defendant is $50.00 pursuant to the terms and conditions of services which is standard in the industry for brokerage services and contained within the contracts controlling the services provided by Defendant.

7. Plaintiff has not filed this suit within the time limit provided by agreements controlling the contractual relationships of the parties or the law governing this action. Furthermore, Plaintiff has failed to timely bring this suit and is barred by the doctrine of latches.

8.      Any loss or damage complained by the Plaintiff was caused in whole or in part by the contributory negligence of Plaintiff and/or his agents.

9.      The injuries complained of by the Plaintiff, if proven, were caused by the acts of third parties or their agents for which this Defendant had no control and was not responsible. \

10.     The named Plaintiff is not a real party in interest.  As such, there are necessary and indispensable parties that have not joined this action.

11.     The Defendant is not a carrier or connecting carrier of the goods not responsible for damage or delay that occurred in transit.  In addition, the Defendant is not a warehouseman and at no time undertook any bailment responsibilities and cannot be liable for such damage.

12.     Plaintiff has failed to timely file any notice of loss, damage or delay.  Such notice is required by the contractual relationships that govern Defendant's liability and the statutes that control this action.

13.     Plaintiff has failed to overcome the presumption that the goods were delivered free from loss, damage or delay.

## IV.

## DESIGNATION OF RESPONSIBLE THIRD PARTY

1.      Plaintiff has alleged that the documentation necessary to have an import shipment released from bonded custody, i.e., to "clear Customs," was improperly rejected by the Customs service and that Masterpiece was negligent for failing to pursue additional remedies to secure the release of the goods.  The gravamen of Plaintiff's allegation against Masterpiece is improper action by the United States Department of Customs and Border Protection.

2.      Defendant now moves for leave and designates the United States Department of Customs and Border Protection as a Responsible Third Party pursuant to Sections 33.004 and

33.011(6) of the Texas Civil Practice and Remedies Code. "A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." TEX. CIV. PRAC. & REM. CODE § 33.004(a) (2012). "Responsible third party" means any "person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission…" TEX. CIV. PRAC. & REM. CODE § 33.011(6) (2012).

3. The United States Department of Customs and Border Protection is a Responsible Third Party within the meaning of Tex. R. Civ. P § 33.011(6) because he caused or contributed to the alleged harm for which recovery of damages are sought by negligent acts and/or omissions.

4. Defendant does not concede Plaintiffs allegations of negligence are true. However, in the alternative and pursuant to the allegations of negligence made by Plaintiff, Defendant alleges that the United States Department of Customs and Border Protection was negligent for rejecting the import documentation.

5. Section 33.004(a) of the Texas Civil Practice and Remedies Code provides, "The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." TEX. CIV. PRAC. & REM. CODE § 33.004(a) (2012). Defendants have filed this Designation 60 days before the trial date. This Designation is timely.

## V.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, Masterpiece International Limited prays for this Court to dismiss all claims asserted by Plaintiff and for the award of

attorney's fees, costs of court or any such other and further relief as this Court may deem necessary.

                Respectfully submitted,

                /S/ Daniel L. Fulkerson
                Daniel L. Fulkerson, of counsel
                Texas Bar Number: 24025372
                Federal I.D.: 26216
                448 W. 19th St. #171
                Houston, Texas 77007
                dlf@tradeandcargo.com
                **Attorneys for Defendant,**
                **Masterpiece International Limited**

OF COUNSEL:

Roberts & Kehagiaras, LLP

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of September 2016, a true and correct copy of the foregoing has been served to the following parties or their counsel of record by email and/or ECF.

Stacey L. Barnes
Eric D'Olive
LEWIS & BARNES
5248 Larkin St., Suite A
Houston, Texas 77007
*Attorneys for Plaintiff*

Bradley L. DeLuca
Adam R. Diamond
JOHNSON DELUCA KURISKY & GOULD, P.C.
4 Houston Center
1221 Lamar Street, Suite 1000
Houston, Texas 77010
*Attorneys for Defendant, Graebel Movers International Inc.*

A.C.T. Logistics LLC
253-10 Northern Blvd.
Littleneck, New York 11362
Attn: Ms. Anne Chang
*Defendant, A.C.T. Logistics, LLC*

Courtney International Forwarding, Inc.
3408 Park Avenue, 2nd Floor,
Wantagh, New York 11793
Attn: Mr. Trevor Hume
*Defendant, Courtney International Forwarding, Inc.*

Gary M. Fellner
PORZIO, BROMBERG & NEWMAN, P.C.
156 West 56th Street, Suite 803
New York, New York 10019-3800, and
Barry G. Flynn
GORDON & REES SCULLY MANSUKHANI
TransWestern Tower, 1900 West Loop South, Suite 1000 Houston, Texas 77027
*Attorneys for Defendant, St. George Logistics*

Kevin Walters
Richard Branca
ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP
1600 Smith Street, Suite 5000

Houston, Texas 77002
*Attorneys for Defendant, Mediterranean Shipping Company (USA) Inc.*

*/s/ Daniel L. Fulkerson*