**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT ZIEGLER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-2598 |
| | § | |
| SUBALIPACK (M) SDN BHD, *et al.,* | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court are defendants Mediterranean Shipping Company (USA), Inc.

("MSC USA") and Mediterranean Shipping Company, S.A.'s ("MSC S.A.") (collectively, "MSC")

motion for summary judgment (Dkt. 49). Having considered the motion, response, record evidence,

and the applicable law, the court is of the opinion that MSC's motion should be GRANTED.

**I. BACKGROUND**

This case arises from Robert Ziegler's claims against multiple defendants for property

damage and loss sustained during an overseas shipment of household goods. Dkt. 2-2. In 2014,

Ziegler moved from Kuala Lumpur, Malaysia, to Hilltop Lakes, Texas. Dkt. 36 at 3. He contracted

Subalipack (M) SDN BHD ("Subalipack"), a Malaysian multimodal transport company, for the door-

to-door transport of his goods. Dkt. 36, Ex. 1. Subalipack packed Ziegler's goods into

approximately three-hundred boxes and then into a forty-foot shipping container. *Id*. Subalipack

then subcontracted Honour Lane Logistics SDN BHD ("Honour Lane") for transportation of the

shipping container from Malaysia to Texas. Dkt. 49, Ex. 2. Honour Lane further subcontracted

MSC S.A. for the port-to-port shipment of the shipping container from Malaysia to Houston, Texas.

*Id.* MSC USA served as MSC S.A.'s agent in the United States. *Id.* When Ziegler's goods arrived

in Houston, they were stored in a warehouse owned by St. George Logistics ("STG") while they awaited U.S. Customs ("Customs") importation approval. Dkt. 36, Ex. 2.

After Customs approved the goods's importation, they were delivered to Zeigler. Dkt. 36 at 6. Many items were damaged, destroyed, or missing. *Id*. Ziegler does not allege when during the transportation of the goods, or while in the custody of which defendant or defendants, the property sustained damage or went missing.[1]

Ziegler asserts causes of action for breach of contract, violation of the Texas Deceptive Trade Practices Act ("DTPA"), and conversion against MSC. Dkt. 2-2. On March 17, 2017, MSC filed a motion for summary judgment. Dkt. 49. On April 6, 2017. Ziegler responded. Dkt. 55.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986)). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e).

The non-movant must "go beyond the pleadings and by [his] own affidavits, or by depositions, answers to interrogatories and admissions on file, designate specific facts showing that

---

[1]A more detailed background in this matter is available in the court's previous order and incorporated herein. Dkt. 67 at 1–3.

there is a genuine issue for trial." *Giles v. General Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001) (citing *Celotex*, 477 U.S. at 324). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dall., Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).

### III. ANALYSIS

**A.     MSC's Motion for Summary Judgment (Dkt. 49)**

MSC moves for summary judgment on Ziegler's claims seeking dismissal of Ziegler's claims (1) against MSC on the grounds that they are time barred pursuant to the one year limitations period contained in the Carriage of Goods by Sea Act ("COGSA"), codified in 46 U.S.C. § 30701 n.1 (2012), and (2) against MSC USA on the grounds that the company was an agent for a disclosed principal, thus not liable under COGSA. Dkt. 49. The court will address the applicability of COGSA, and then each of these arguments in turn.

**1. COGSA Applies**

COGSA governs shipments to and from the United States under bills of lading and similar documents of title and  preempts state law when it applies. 46 U.S.C. § 30701 n.1 (2012). This court previously determined that COGSA governs all of Ziegler's claims concerning shipment against MSC because MSC issued a bill of lading for the transport of goods to the United States. Dkt. 67 (order denying plaintiff's motion to remand). This court also determined that MSC's bill of lading extended COGSA's application inland and to all of MSC S.A.'s subcontractors because it included a clause paramount and a Himalaya clause. *Id.* Accordingly, the court finds that any state-law claims of liability raised by Ziegler against MSC that arise from its contract-created rights or obligations are preempted by COGSA. *Id.*

**2. Ziegler's claims are time barred by Section 3(6) of COGSA**

First, MSC seeks summary judgment on Ziegler's claims against MSC because they are time barred pursuant to the one-year limitations period contained in section 3(6) COGSA. 46 U.S.C. § 30701, n.1 (2007). Section 3(6) states that "the carrier and the ship shall be discharged from all liability . . . unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered." *Id*. In a suit for cargo damage, the Fifth Circuit held that:

> '[D]elivery' be afforded its general legal meaning: the point at which the carrier has fulfilled its responsibilities to carry, discharge, and otherwise perform its contractual duties with respect to the cargo. 'Delivery' occurs when the carrier places the cargo into the custody of whomever is legally entitled to receive it from the carrier.

*Servicios-Expoarma, C.A. v. Industrial Maritime Carriers*, 135 F.3d 984, 992 (5th Cir. 1998). Further, the *Servicios-Expoarma* court determined that once a carrier had properly placed the cargo in the hands of the party authorized to receive it, the cargo was delivered and the one-year statute of limitations period begins to run. *Id.* at 993 (holding that the plaintiff's claims for damage from that shipment were barred under 46 U.S.C. app. § 1303(6) because the plaintiff filed suit more than a year after the delivery date).

Here, MSC delivered the cargo container to St. George Warehouse in October 2014. Dkt. 49, Ex. B. Ziegler commenced this law suit in July 2016. Dkt. 2, Ex. 1. Ziegler responds that the only contract that he entered into was a "door-to-door" contract with Subalipack and that the time of delivery to Ziegler should govern the statute of limitations. Dkt. 55. This argument is insufficient because STG was "legally entitled to receive" the goods for determining delivery date under COGSA. *Servicios-Expoarma,* 135 F.3d at 992; Dkt. 49, Ex. A. Because Zeigler did not commence his suit within one year of the delivery date, his claims against MSC are time barred by COGSA. MSC's motion for summary judgment because Ziegler's claims are time-barred is GRANTED.

4

**3. MSC USA was an Agent for the Disclosed Principal**

Second, out of an abundance of caution, the court will also address MSC's motion for summary judgment with respect to claims against MSC USA because MSC USA is an agent for MSC S.A. Dkt. 49. MSC asserts that Ziegler's complaint against MSC USA should be dismissed because it is not a proper party to this suit. Dkt. 49 at 10. In admiralty cases, the Fifth Circuit looks to the Restatement of Agency as a source of general agency law. *Port Ship Serv., Inc. v. Int'l Ship Mgmt. & Agencies Serv., Inc.*, 800 F.2d 1418, 1420 (5th Cir.1986)*; see e.g. Overseas Carriers, Inc. v. Team Ocean Servs. Dall., Inc.*, No. CIV.A. H-10-2842, 2013 WL 76300, at *12 (S.D. Tex. 2013) (Werlein, J.). According to the Restatement of Agency, an agent who makes a contract for a disclosed principal "becomes neither a party to the contract nor liable for the performance of the contract." *Seguros Banvenez, S.A. v. S/S Oliver Drescher*, 761 F.2d 855, 860 (2d Cir. 1985) (citing Restatement (Second) of Agency §§ 320, 328). An agent of a disclosed principal is not liable for breach of contract. Restatement (Second) of Agency § 320; *Seguros Banvenez, S.A.*, 761 F.2d at 860.

Here, MSC offers evidence that MSC USA is an agent of the disclosed principal MSC S.A. Specifically the Bill of Lading No. MSCUPG309359 indicates that it is MSC S.A.'s bill of lading and that it will be "SIGNED by MSC (USA), Inc. as agent on behalf of the carrier MSC Mediterranean Shipping S.A." Dkt. 49, Ex. A. The Bill of Lading also expressly incorporates MSC S.A.'s standard Terms and Conditions, which defined MSC S.A. as the carrier. *Id.* Ziegler does not raise a dispute regarding MSC S.A.'s status as a principal, rather Ziegler responds that he received no notice of the agency relationship. Dkt. 55. However, this argument is insufficient because constructive notice is not necessary to establish an agency relationship. *See* Restatement (Second) of Agency § 4, comment d. Consequently, because MSC USA was a fully disclosed agent of MSC

S.A., MSC USA cannot be held liable for MSC S.A.'s contractual obligations. Therefore, MSC USA is not liable for breach of contract because all documents relating to the contractual chain of carriage identified MSC USA as MSC S.A.'s agent. MSC's motion for summary judgment with respect to Ziegler's claims against MSC USA is GRANTED.

## IV. CONCLUSION

MSC's motion for summary judgment (Dkt. 49) is GRANTED. Ziegler's claims against MSC USA and MSC S.A. are DISMISSED WITH PREJUDICE.

It is so ORDERED.

Signed at Houston, Texas on August 14, 2017.

_____
Gray H. Miller
United States District Judge