UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT ZIEGLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-2598 |
| | § | |
| SUBALIPACK (M) SDN BHD, et al., | § | |
| | § | |
| Defendants. | § | |

### ORDER

Pending before the court is plaintiff Robert Ziegler's briefing that the court requested in its order (Dkt. 77) granting in part Ziegler's motion for default judgment (Dkt. 76). Dkt. 78. The court granted Ziegler's motion for default judgment against defendant Subalipack (M) SDN BHD ("Subalipack") and awarded Ziegler $78,481.58[1] in actual damages, prejudgment and post-judgment interest, and costs. Dkt. 77 at 20. The court granted Ziegler's motion against defendant Honour Lane Logistics SDN BHD d/b/a Honour Lane Shipping Ltd. ("Honour Lane") and gave Ziegler leave to file additional briefing to prove damages under the Carriage of Goods by Sea Act ("COGSA"). *Id.* at 21. The court denied Ziegler's motion against defendant A.C.T. Logistics, LLC ("ACT") and gave Ziegler leave to file additional briefing to prove that ACT was properly served and to prove damages under COGSA. *Id.* Having considered the briefing, evidence, and applicable law, the court

---

[1] In the conclusion of the order, the court inadvertently stated that Ziegler was entitled to $78,501.58 in actual damages. Dkt. 77 at 20. The court amends that portion of the order to reflect the correct amount of $78,481.58. *Id.* at 16 ("Therefore, with respect to Subalipack, the court grants Ziegler unliquidated damages in the amount of $78,481.58 for actual damages suffered."); Dkt. 76-3 at 4 (Declaration of Robert Ziegler) ("I sustained **$78,481.58** in actual damages . . . .").

is of the opinion that Ziegler's motion for default judgment (Dkt. 76) should be GRANTED against ACT, and Ziegler should be awarded $58,070 in actual damages from Honour Lane and ACT.

**A.   Service on ACT**

Before the case was removed to federal court, Ziegler served ACT via the Texas Secretary of State.  Dkt 76-2.  The citation was returned undeliverable, which is prima facie evidence that Ziegler provided an incorrect address to the Secretary of State.  *Id.*; *See GMR Gymnastics Sales, Inc. v. Walz*, 117 S.W.3d 57, 59 (Tex. App.—Fort Worth 2003, pet. denied).  Thus, the court gave Ziegler leave to file briefing to prove that Ziegler provided the Secretary of State with ACT's correct address.  Dkt. 77 at 12.  Ziegler has provided proof that he provided the Secretary of State with the address ACT has on file with the New York Secretary of State.  Dkt. 78-1.  Because Ziegler provided the Texas Secretary of State with the address ACT has on file with the New York Secretary of State, service was proper.  *See Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004).  If ACT's address changed, ACT should have updated it with the New York Secretary of State.  *See id.* Accordingly, Ziegler properly served ACT, and Ziegler's motion for default judgment is GRANTED.

**B.   COGSA Damages**

In its order, the court held that COGSA governs Ziegler's claims against Subalipack, Honour Lane, and ACT.  Dkt. 77 at 13.  Further, the court held that Ziegler's recoverable damages against Honour Lane and ACT were limited by COGSA's $500 per package limit of liability.  *Id.* at 17.  In his additional briefing, Ziegler alleges that:

> 5.     Subalipack packed [Ziegler's] property into approximately 310 boxes and placed it into a shipping container. . . .
>
> 6.     Mr. Ziegler sustained $85,981.58 in actual damages as follows: $4,870.00 rail transport Long Beach to Houston; $2,263.80 fee to importer; $2,000.00 fee to import attorney; $6,162.78 bonded storage fees; $5,615 to ship a motorcycle that has not been delivered; $52,800.00 in broken or missing crystal, china,

furniture, scuba gear, and linens; and $4,770.00 for damage to furniture, ceramics, and wall frames, and the value of the motorcycle, which was a total loss as well, due to the time it spent without being started. Its value was $7,500.00.

Dkt. 78 at 2–3.

If the court considers the entire container as one package, Ziegler's damages are limited to $500. *See* 46 U.S.C. § 30701, note § 4(5). But the Fifth Circuit has held that "generally a container supplied by the carrier is not a COGSA package if its contents and the number of packages or units are disclosed." *Croft & Scully Co. v. M/V Skulptor Vuchetich*, 664 F.2d 1277, 1281 (5th Cir. 1982). "This holds true especially where the operative bill of lading indicates that the number of packages is not the same as the number of containers." *Rainly Equipos de Riego S.R.L. v. Pentagon Freight Servs., Inc.*, 979 F. Supp. 1079, 1085 (S.D. Tex. 1997).

Here, the operative bill of lading, Honour Lane's, provides that Honour Lane transported 309 packages of used household goods and one crate with a used motorcycle. Dkt. 24-1 at 3. Ziegler provides evidence that he suffered $7,500.00 in damages from the crate with the motorcycle. Dkt. 78-3 at 3. As the court already held, the motorcycle is considered one package. *See The Margaret Lykes*, 57 F. Supp. 466, 473 (E.D. La. 1944). Thus, Ziegler is entitled to recover $500 for the crate with the motorcycle. *See* 46 U.S.C. § 30701, note § 4(5). Regarding the remaining 309 packages, Ziegler's total potential recovery is capped at $154,500. *Id.* Ziegler provides proof that he suffered $57,570 in actual damages to the 309 packages. Dkt. 78-3 at 3 ("$52,800.00 in broken or missing crystal, china, furniture, scuba gear, and lines; and $4,770.00 for damage to furniture, ceramics, and wall frames."). That total falls well short of his maximum recovery. Thus, the court awards Ziegler $500 for the package containing the motorcycle and $57,570 for the remaining 309 packages.

C. **Interest and Costs**

As the court already held, Ziegler should be awarded prejudgment interest at the legal rate established under 28 U.S.C. § 1961 from October 1, 2014, until the date of judgment. Dkt. 77 at 19. Ziegler should also be awarded post-judgment interest under 28 U.S.C. § 1961, and costs under Federal Rule of Civil Procedure 54(d). *Id.*

D. **Conclusion**

Ziegler's motion for default judgment against ACT (Dkt. 76) is GRANTED. Ziegler is entitled to recover from Honour Lane and ACT, jointly and severally, the following:

(1) $58,070 in actual damages;

(2) prejudgment interest at 2.33% per annum from and after October 1, 2014, until entry of judgment;

(3) post-judgment interest at 2.33% per annum as provided by law from entry of judgment until paid; and

(4) all costs of court as provided in Rule 54(d) of the Federal Rules of Civil Procedure.

The court will enter a final judgment consistent with this order.[2]

Signed at Houston, Texas on July 3, 2018.

_____
Gray H. Miller
United States District Judge

---

[2] In his original petition and amended complaint, Ziegler alleges claims against John Doe 1, John Doe 2, and John Doe 3. Dkt. 2-2; Dkt. 36. But Ziegler never served the Does, and they never made an appearance. Thus, the Does never became a party to this suit, and it is not necessary for the court to dispose of Ziegler's claims against the Does to enter a final judgment. *Nagle v. Lee*, 807 F.2d 435, 438 (5th Cir. 1987); *Kimbriel v. City of Greenville*, 647 F. App'x 353, 355 n.4 (5th Cir. 2016).